UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darren Johnson, #753595,

                  Plaintiff,      Case No. 22-cr-11273

v.                                   Judith E. Levy
                                   United States District Judge

Unknown Shultz, et al.,

                  Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [1] AND DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE [2]

Michigan prisoner Darren Johnson ("Plaintiff"), currently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 related to conditions of his confinement while he was imprisoned at the G. Robert Cotton Correctional Facility. (ECF No. 1.) Attached to his complaint is a motion for preliminary injunction and for a temporary restraining order. (*Id.* at PageID.20.) He has also filed an application to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1). (ECF No. 2.)

In his complaint, Plaintiff raises claims concerning mask usage by

corrections officers and the prison's handling of his related grievances. (ECF No. 1.) Plaintiff's motion for a temporary restraining order and for a preliminary injunction seeks to have this Court order prison staff at G. Robert Cotton Correctional Facility to wear masks and to conduct daily COVID-19 testing. (*Id.* at PageID.20–21.)

On May 18, 2022, in a separate action, Plaintiff was permanently enjoined from filing lawsuits in this district without first obtaining leave from the Court. *See Johnson v. Correctional Officer Shultz, et al.*, No. 2:22-cv-11056 (E.D. Mich. May 18, 2022) (Murphy, J.) (*See* ECF No. 4 (discussing Plaintiff's history of filing meritless actions and his status as a "three striker," finding him to be a "vexatious litigant," and enjoining him from filing any new action without first obtaining leave from the Court).) Plaintiff filed this case on June 9, 2022— less than a month after he was enjoined from doing so. He did not request leave to file this case, nor has leave been otherwise granted.

Judge Murphy's Order enjoining Plaintiff from filing new complaints states that "Any new complaint from Johnson submitted to the Clerk of the Court will be reviewed for merit by a U.S. District Judge. If the complaint is determined to assert an intelligible, non-frivolous claim, the Clerk's

2

Office must assign the complaint to a randomly selected Judge; otherwise the complaint must be dismissed." (*Id.*) This case was randomly assigned to the Undersigned. After undertaking a review to determine whether Plaintiff asserts an intelligible, non-frivolous claim, the Court finds that the case should be dismissed without prejudice.

A case is frivolous if it lacks an arguable basis either in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts screening cases will accord slightly more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

Plaintiff sues Defendants under § 1983. First, he argues that Defendants violated his Eighth Amendment rights when they "failed to wear their mask in the unit endangering Plaintiff['s] health and personal safety by possibly spreading the covid virus by coughing, sneezing, and touching papers such as mail, callouts, passes, etc. . . . Plaintiff is in an unsafe condition." (ECF No. 1, PageID.8.) Second, he argues that his First Amendment rights were violated during the grievance process. (Id.)

3

Eighth Amendment claims based on unsafe prison conditions have both an objective and subjective component. "Thus, courts considering a prisoner's claim must ask both if 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component of an Eighth Amendment violation is "contextual and responsive to 'contemporary standards of decency.'" *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1992).) The risk that inmates face from the COVID-19 virus during the relevant 2022 time frame decreased significantly from the early days of the pandemic because of the introduction of vaccines. As the Sixth Circuit has noted, "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Accordingly, Plaintiff's access to the COVID-19 vaccine in prison "significantly reduces the risks associated with COVID-19." *Id.*

Plaintiff attached to his complaint a COVID update from Warden Nagy dated May 18, 2022. (ECF No. 1, PageID.18.) In it, the Warden

4

provides an update regarding current COVID exposures, positive tests, upcoming test schedules, face mask guidance, and vaccine availability. *Id*.

As to face masks, the guidance update states that: "Mask guidance will be updated as needed to adapt to current infection conditions." *Id*. The document also states:

> If you have not received the COVID vaccine and you are interested in receiving the COVID vaccine, please send a kite to health care advising that you would like to receive the vaccine. This includes the booster shot. If you are interested in receiving the booster COVID shot, please send a kite to health care.

*Id*.

Plaintiff argues that prison guards' failure to wear face masks at all times and the prison's failure to conduct daily testing, falls below the objective standard for safe prison conditions under the Eighth Amendment.

The Court is sympathetic to Plaintiff's concerns for his health while incarcerated during a pandemic. However, as Warden Nagy's May 2022 update demonstrates, the prison was taking appropriate steps, in keeping with the contemporary COVID-19 guidance, to conduct testing, enforce appropriate face mask wearing, and encourage vaccines. Accordingly, Plaintiff has failed to set forth a cognizable claim that the prison fell short

5

of the objective standards for safe prison conditions and an appropriate response for preventing COVID-19 illness in the relevant time period.

Having found that Plaintiff has failed to set forth the objective component of an Eighth Amendment violation, the Court need not address the subjective prong. Even so, Plaintiff does not meet the pleading requirements to set forth the subjective prong. Plaintiff is required to set forth enough factual allegations to establish that Defendants acted with a culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 305 (6th Cir. 1991). Moreover, "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020). The key inquiry for the subjective prong, therefore, is whether the prison "responded reasonably to this risk." *Id.* at 841 (citing *Farmer v. Brennan*, 511 U.S. 825, 844 (1994)). Plaintiff argues only that "Defendants were aware of the risk" to Plaintiff when they did not wear masks. This is not enough to allege a violation of the Eighth Amendment.

Plaintiff's First Amendment claim fails screening as well. The First Amendment protects a prisoner's "undisputed . . . right to file grievances

6

against prison officials on his own behalf." *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010). Plaintiff argues the following with respect to the First Amendment:

> Plaintiff filed his Step I grievance. Plaintiff then filed a timely Step III grievance appeal and Warden Nagy defendant Russell upheld the Step II grievance appeal rejection. All is [*sic*] conscious and aware of the unconstitutional conduct and his disregard which shows each government official defendant through the officials own individual actions, has violated the constitution.

(ECF No. 1 at PageID.8.) Earlier in his complaint, he argues that:

> Defendants Cobb and Kisor intentionally, willfully denied the step I grievance as vague where the grievance showed the contrary, therefore impeding in access to the court, and not able to peacably [*sic*] file grievance through the grievance procedure. Defendants Nagy and Russell willfully and intentionally denied the grievance appeals at their stages allowing the unconstitutional conduct to continue.

(*Id.* at PageID.6.) Plaintiff's claim is not adequately set forth. It does not appear that he alleges he was denied the right to file a grievance. Indeed, he attached his submitted grievance form to his complaint. (*See id.* at PageID.29.) Nor has Plaintiff been denied access to the Court, as is evidenced by his Complaint in this case. Plaintiff fails to state a claim under the First Amendment to survive screening. Accordingly, Plaintiff's

7

complaint is dismissed.

Having dismissed Plaintiff's complaint, the Court denies Plaintiff's motion for TRO and motion for preliminary injunction as moot. (*Id.* at PageID.19–27.)

Finally, the Court denies Plaintiff's *in forma pauperis* ("IFP") application. Plaintiff admits that he has had a case dismissed based on the "three strikes rule" 28 U.S.C. § 1915(g). (*Id.* at PageID.13.) The "three strikes" portion of the IFP statute states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff is not under imminent danger of serious physical injury. He is no longer housed at the G. Robert Cotton Correctional Facility.

The Sixth Circuit has explained that this statute means that "a prisoner litigant with three prior strikes is not entitled to the pauper privileges generally provided by § 1915 and, more specifically, may not use

8

the period payment procedure set forth in § 1915(b)." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002). Although requiring a prisoner litigant to pay the full filing fee "may be burdensome, it is not unfair." *Id*. at 382. The purpose of the three-strikes rule is to "provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints—thus taking much valuable time away from other non-frivilous litigation—without any consequence beyond their mere dismissal under § 1915(g)." *Id*. at 382. Accordingly, Plaintiff's IFP application is denied and he is ordered to pay the filing fee in full.

In sum, Plaintiff's complaint is dismissed without prejudice. The Court denies Plaintiff's IFP application and denies Plaintiff's motion for a TRO and preliminary injunction. This case is closed and will not be reopened. No further filings will be accepted in this case.

IT IS SO ORDERED.

Dated: July 11, 2023          s/Judith E. Levy
    Ann Arbor, Michigan          JUDITH E. LEVY
                                                 United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 11, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
